GLICKSTEIN, Judge.
This is a petition for issuance of a writ of mandamus filed by the former wife, seeking a stay of the sale of the marital home and a hearing on certain motions she filed with the trial court which would affect the final judgment of dissolution and the order directing the sale of the marital home. This court issued a temporary stay of the sale of the subject residence of the wife and minor child of the marriage, and ordered a response.
We now grant the relief sought by the petition and direct the trial court to consider, without delay, petitioner’s motions; but we withhold actual issuance of a writ, in contemplation of compliance with the opinion. The previously entered stay shall remain in effect until the trial court’s determination on the merits of petitioner’s motions.
The April 1987 final judgment of dissolution directed shared parental responsibility. The primary physical residence of the child was to be with the former husband; however, the child has been living with the former wife in the marital home. The husband moved the trial court for approval of a contract to sell the marital home, which was granted by order dated February 4, 1988. In an order dated March 22, 1988, the trial court directed that its order would serve as the wife’s signature and initialing to changes on the contract, which called for closing on April 1, 1988. The wife subsequently filed an emergency motion to stay the sale of the home, a verified motion for modification of the final judgment and a verified petition to set aside the final judgment. On March 30, 1988, the petitioner brought these motions to an emergency hearing during motion calendar. The trial court refused to hear the motions. We have a copy of the transcript of the hearing which confirms the trial judge’s refusal to act any further on the case, his stating therein that the former wife should have acted sooner, and suggesting that her remedies are with her prior counsel.
Mandamus has been acknowledged to be a proper remedy to compel a trial court to exercise its jurisdiction and judicial authority and to decide a cause, where there is no valid reason to reserve ruling on the matter. Villas At Cutler Ridge Homeowners’ Association v. Newman, 498 So.2d 579 (Fla. 3d DCA 1986). In this case, the petition to set aside the final judgment contains allegations that the husband fraudulently failed to disclose assets in his financial affidavit and petition for dissolution of *1212 marriage, and other grounds for post judgment relief recognized under Florida Rule of Civil Procedure 1.540(b)(3). It is timely filed thereunder; and we perceive no reason which would deprive the former wife of the right to have her petition heard on the merits before the sale of the marital home is allowed to proceed. The same is true as to petitioner’s motion for modification of the final judgment, which alleges changes in circumstances, including the actual residence of the minor child with the mother and other facts.
In his response filed with this court, respondent offers no argument against petitioner’s right to be heard on these pleadings. Instead, his response is comprised of argument addressing the merits of the pleadings and providing an exhaustive history of the case up to this point, including suggestions that the wife refused to cooperate in the husband’s efforts to sell the marital home or otherwise proceed with the dissolution case and distribution of marital assets. However, this is not relevant to the issue on mandamus, which is petitioner’s entitlement to be heard on her pending pleadings.
DELL and WALDEN, JJ., concur.